IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Johnny T. Padgett, ) | C/A No.: 1:11-155-CMC-SVH |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| The State of South Carolina, ) | |
| ) | |
| Respondent. ) | |
| ) | |
| ) | |

Petitioner Johnny T. Padgett, proceeding *pro se,* seeks federal habeas relief under 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district judge. As Petitioner is no longer in custody on the convictions he seeks to challenge, this court is without subject matter jurisdiction over the petition, which is therefore subject to summary dismissal.

I.      Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in this case. The review was conducted pursuant to the procedural provisions of the Rules Governing Habeas Corpus Cases Under Section 2254 and the Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995); *Todd v.*

*Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). This court is required to construe *pro se* petitions liberally, and such *pro se* petitions are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). Even under this less stringent standard, however, the petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Department of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

II.     Discussion

Petitioner challenges his conviction on two counts of Assault and Battery of a High and Aggravated Nature (ABHAN) and Resisting Arrest imposed in Saluda County on May 17, 2000. [Entry #1-6]. He was sentenced to ten years for the ABHAN convictions and one year for Resisting Arrest. *Id.* Petitioner was released from custody on August 29, 2008, after serving eight years and eight months of his sentence. *Id.* at 13. When asked to explain what relief he seeks from the court on the petition form, Petitioner left this space blank. *Id.* at 16.

The proper vehicle for challenging state court convictions is 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). However, the habeas corpus statute

requires that a petitioner be "in custody" under the conviction or sentence under attack when the habeas petition is filed:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254 (a).

Petitioner is not currently incarcerated. [Entry #1-6 at 1, Entry #16 at 1]. It also appears that any sentence imposed against Petitioner has expired. *Id.* Thus, Petitioner does not meet the "in custody" requirement of the habeas corpus statute. *See Maleng v. Cook*, 490 U.S. 488, 492 (1989) (holding that a habeas petitioner does not remain "'in custody' under a conviction after the sentence imposed for it has fully expired . . ."). Petitioner offers no alternative theory under which this court could deem him to be "in custody" for purposes of § 2254. *See Morgan v. Juvenile and Domestic Relations Court, Halifax, Virginia*, 491 F.2d 456 (4th Cir. 1974) (where petitioner is no longer incarcerated and does not allege collateral consequences of the conviction, federal habeas relief is unavailable). "The 'in custody' requirement is jurisdictional, and 'requir[es] that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Cannon v. S.C.D.C.*, C/A No. 8:07-3984-CMC, 2008 WL 4646928 (D.S.C. October 17, 2008) (quoting *Maleng*, 490 U.S. at 490–91). As Petitioner is not "in custody" under § 2254, this court lacks subject matter jurisdiction to entertain his petition.

III.    Conclusion

Accordingly, it is recommended that the district judge dismiss the petition in the above-captioned case without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

May 6, 2011                                                           Shiva V. Hodges
Florence, South Carolina                                 United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**