IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Johnny T. Padgett, | ) | C/A NO. 1:11-155-CMC-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| The State of South Carolina, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court on a *pro se* application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2254.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). On May 6, 2011, the Magistrate Judge recommended that this petition be dismissed without prejudice and without service on Respondent for lack of subject matter jurisdiction. Petitioner filed objections to the Report on May 23, 2011.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review as to objections made, and considering the record, the

1

applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.

Petitioner maintains that even though he has been released from custody, his petition is not "moot," and that he should be allowed to pursue his contention that he was wrongfully convicted. *See generally* Objections (Dkt. #31, filed May 23, 2011). However, even when faced with the Report's assessment of his legal status, Petitioner offers no evidence that he continues to be "in custody" as is required for this court to have subject matter jurisdiction to entertain the petition. *Maleng v. Cook*, 490 U.S. 488 (1989) (per curiam) (petitioner not in custody regardless of lingering consequences if sentence expired before the petition filed).

The petition is dismissed without prejudice without service on Respondent. Petitioner's motion for appointment of counsel (Dkt. #30) is **denied**.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability

has not been met. Therefore, a certificate of appealability is **denied**.

    **IT IS SO ORDERED.**

                                                      s/ Cameron McGowan Currie
                                                      CAMERON MCGOWAN CURRIE
                                                      UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
June 6, 2011